FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 29, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 1:25-CV-03008-SAB <br><br> **ORDER REVERSING THE DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying hIS application for social security benefits. Plaintiff is represented by Matthew McGarry. The Commissioner is represented by John Drenning and Brian M. Donovan. Pending before the Court are Plaintiff's Opening Brief, ECF No. 10, the Commissioner's Brief, ECF No. 12, and Plaintiff's Reply Brief, ECF No. 13.

After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

**I.    Jurisdiction**

On December 10, 2015, Plaintiff filed application for Title II disability insurance benefits and a Title XVI application supplemental security income with

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~1

the onset date of December 1, 2013. Plaintiff's application was denied initially and on reconsideration. Plaintiff timely requested a hearing. A hearing was held on May 1, 2019, and ALJ Kennedy found Plaintiff was not disabled.

Plaintiff appealed that decision and this Court remanded the case on September 8, 2020. Another hearing was held on September 28, 2021. The ALJ found Plaintiff was not disabled. The Appeals Council vacated and remanded the decision.[1]

Another hearing was held by telephone on July 16, 2024. Plaintiff participated and was represented by Timothy Anderson. Sharon Welter, vocational expert also participated. At the hearing, Plaintiff informed the ALJ that he was no longer disabled as of September 6, 2022, which is when he started a new job. The ALJ found Plaintiff was not disabled from December 1, 2013 to November 12, 2024.

Plaintiff filed a timely appeal on January 20, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The

---

[1] Plaintiff sought congressional help due to the extraordinary delay at the Appeals Council.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~2

Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 3

analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d

**ORDER REVERSING THE DECISION OF COMMISSIONER ~4**

1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

Plaintiff was 28 years old on the alleged onset date. He graduated from high school and worked as a cashier, cook, customer service representative, and pizza delivery cashier/driver. Plaintiff suffers from hemochromatosis. He must have three or four phlebotomies a year to manage the iron levels in his blood. He describes having joint pain and memory loss. He has difficulty doing anything for more than twenty minutes, including playing video games, typing on the computer, or washing dishes. In January 2018, he was diagnosed with fibromyalgia. He also testified he has irritable bowel syndrome that flares up a couple time a week or more and he experiences tremors and panic attacks a couple of times a week. He takes medication for his panic attacks as needed.

Plaintiff worked for Door Dash and was able to work about 10 hours a week. It became too demanding physically.

At the hearing, Plaintiff explained he had secured competitive employment that is sedentary and involves simple tasks such as answering phones and typing orders on a computer. His sister's employer was willing to accommodate him, so

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~5

he moved to Georgia and is living with her. He is able to take extra breaks if needed, and he can come in late and leave early, or take time off, if needed.[2]

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 714-730. At step one, the ALJ found that Plaintiff met the insured status requirements of the SSA through March 31, 2024, and had not engaged in substantial gainful activity from December 1, 2013 to September 5, 2022. AR 717.

At step two, the ALJ identified the following severe impairments: fibromyalgia and hemochromatosis. AR 717.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 719.

At step four, the ALJ concluded that Plaintiff has an RFC to perform:

> y to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can sit for one hour at a time, after which he must be able to stand or move around for few minutes while sitting; he must be able to continue working in the changed position. He can sit in this manner for a total of six hours in an 8-hour day. He can stand and/or walk for a total of two hours in an 8-hour day. He can frequently reach, push, and pull. He can frequently perform fine fingering and gross handling. He can frequently push and/or pull with the lower extremities. He can perform all postural activities occasionally, except he cannot climb ladders, ropes, or scaffolds. He must avoid concentrated exposure to extreme cold, pulmonary irritants, and hazards. He can work in a job with a moderate noise intensity level as the term moderate is defined by the SCO. He can perform simple tasks.

AR 720.

At step five, the ALJ found that Plaintiff was unable to perform any past

---

[2] In his brief, Plaintiff states that he was no longer able to work his job in Georgia and has moved back to Yakima.

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~6

relevant work. AR 728. The ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including collator operator, storage facility rental clerk, routing clerk, telephone quotation clerk, call out operator, addresser, and document preparer. Consequently, the ALJ found that Plaintiff was not disabled from December 1, 2013 to November 12, 2024. AR 728-29.

## VI. Issues

1.     Whether the ALJ properly evaluated the medical opinion evidence.

## VII. Discussion

Plaintiff asserts the ALJ erred in discounting the opinion of Plaintiff's treating physician, Dr. Olden.

### A.     **Evaluation of the Medical Opinions**

Plaintiff filed his disability application before March 27, 2017, so the rules in 20 C.F.R. § 416.9271 apply to his claim.

To reject the uncontradicted opinion of a treating or examining doctor, the ALJ must state clear and convincing reasons that are supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id*. (quotation omitted). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Id.* (citation omitted).
*Id.*

### Dr. Carl Olden

Plaintiff's treating provider, Carl Olden, M.D., drafted an opinion regarding Plaintiff's functional limitations on December 11, 2020. AR 1701. Dr. Olden noted diagnoses including hemochromatosis, essential tremors, gastrointestinal reflux,

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~7

irritable bowel syndrome, fibromyalgia, and cubital tunnel syndrome. AR1700. Dr. Olden described spells of reactive hypoglycemia, with syncope, chronic tremors, abdominal pains, joint pain, and pain and numbness in the hands. AR1700. Dr. Olden noted that genetic testing and nerve conduction studies supported these diagnoses. AR 1700. Dr. Olden opined that Plaintiff would need to lie down during the day, for one to two hours at a time if he became severely fatigued. AR 1700. Dr. Olden also noted Plaintiff's treatments could take two to four hours per session. AR 1700. Dr. Olden opined Plaintiff's conditions would reasonably cause pain, citing Plaintiff's diffuse fibromyalgia pain, cubital tunnel syndrome, and ulnar nerve pain. AR 1700. Dr. Olden further opined that, if Plaintiff worked, he would deteriorate. AR 1700. Dr. Olden explained fibromyalgia flares would present themselves with heavy activity, such that being able to take breaks is critical. AR1700. Dr. Olden further opined Plaintiff would likely miss work if trying to complete a 40-hour workweek and he would likely be absent four or more days per month. AR 1701. Dr. Olden explained Plaintiff's phlebotomy appointments required two to three days of monitoring and observed his fibromyalgia or IBS would flare at times. AR 1701. Dr. Olden opined Plaintiff's conditions were present since at least 2014, and further opined Plaintiff was capable of intermittent sedentary work, but it must be "extraordinarily flexible." AR 1701.

      The ALJ gave little weight to Dr. Olden's opinion. AR 727. The ALJ believed Dr. Olden's limitations were not consistent with both the longitudinal record and his own treatment notes. AR 727As an example, Dr. Olden's notes reflect concerns of reactive hypoglycemia only briefing beginning around December 2020 and the symptoms were treated with a diet change, yet he listed reactive hypoglycemia as a diagnoses. AR 727. Dr. Olden also noted Defendant's hand pain and numbness, but the record did not reflect hand atrophy and most examinations showed no significant abnormalities in strength sensation, grip, or

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~8

range of motion in the hands or arms. AR 728. Also, the ALJ noted the record rarely mentions tremors.

The ALJ's rejection of Dr. Olden's opinion is not supported by substantial evidence in the record. The ALJ fails to account that Plaintiff needs to lie down throughout the day due to severe fatigue and that his fibromyalgia flares with heavy activity. On the contrary, Dr. Olden's notes support his conclusion that Plaintiff would likely miss more than four days a month dur to the required phlebotomy procedures and subsequent monitoring, as well as flare from fibromyalgia. The ALJ's rationale for rejecting Dr. Olden's opinion focuses on two symptoms, but ignores all the others that are well-documented in the record. In an attempt to discredit Dr. Odom, the ALJ relied on these two instances having very little bearing on the limitations set forth in his opinion. As such, the ALJ failed to provide legitimate reasons for rejecting Dr. Olden's opinion.

On the contrary, Dr. Olden's opinion is deserving of great weight as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." It goes without saying that Dr. Olden has the benefit of firsthand treatment and his opinion is supported by his own medical findings and explanations.

The only contradictory evidence is from non-treating, non-examining State agency consultants who did nothing more than review select medical records and formulate opinions. The opinions of these non-examining doctors are entitled to less weight than doctors who treated Plaintiff. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004).

**VIII. Conclusion**

The ALJ failed to provide specific or legitimate reasons to discount the opinion of Dr. Olden. Because the record is developed and if the ALJ would have given Dr. Olden's opinion proper weight, it would have been required to find that Plaintiff was disable. As such, a remand for an immediate award of benefits is

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~9

appropriate.

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 10 is **GRANTED**.

2. For docket purposes, the Commissioner's Response Brief, ECF No. 12, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and remanded for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 29th day of August 2025.



Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~10